**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIANA VEGA,**

              **Plaintiff,**

**-vs-**                                         **Case No. 6:08-cv-1915-Orl-18DAB**

**INVSCO GROUP, LTD.,**

              **Defendant.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO VACATE CLERK'S DEFAULT AND GRANT LEAVE TO FILE ANSWER TO COMPLAINT (Doc. No. 11)** |
| **FILED:** | **January 15, 2009** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED,** as conditioned on payment of $1,000.00 for costs incurred in Plaintiff's efforts in seeking default and default judgment. ||
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST INVSCO GROUP, LTD. (Doc. No. 21)** |
| **FILED:** | **January 30, 2009** |
| **THEREON** it is **ORDERED** that the motion is **DENIED as moot**. ||

Alleging sex and race discrimination claims, Plaintiff filed suit against and obtained a Clerk's entry of default against Defendant Invsco Group, Ltd. Doc. No. 8. On December 26, 2008, Plaintiff moved for default judgment (Doc. No. 9), which was denied without prejudice on January 14, 2009

for failure to support the motion with legal memorandum and provide citations to facts that establish each element of the claim. Doc. No. 10.

On January 15, 2009, Defendant Invsco Group, Ltd. filed its Motion to Vacate Clerk's Default and Grant Leave to File Answer to Complaint, arguing that in-house counsel had sought extensions while it changed offices and sought new outside counsel. Doc. No. 11 at 2-3. Invsco maintains, "At no point was [in-house counsel] informed that Plaintiff or her lawyer opposed the extension," and it is not clear that Invsco's former outside counsel (Holland and Knight) was served with the motions for default either by Plaintiff or through CM/ECF. Doc. No. 11 at 4.

On January 30, 2009, Plaintiff filed her opposition to the Motion to Vacate Clerk's Default, arguing that Invsco failed to establish "good cause" pursuant to Rule 55(c) of the Federal Rules of Civil Procedure for its failure to respond to Plaintiff's Complaint, and instead demonstrated intentional and reckless disregard for the judicial proceedings in this matter. Doc. No. 20. She also filed a Renewed Motion for Default Judgment against Invsco Group, Ltd. Doc. No. 21. Plaintiff contends that she did not agree to any requested enlargement of time to respond because Invsco's response was already overdue when Plaintiff's counsel contacted Holland & Knight on December 15, 2008; Invsco, without seeking leave of Court to file its answer after the time had run, did not seek new outside counsel until January 8, 2009, well after the response to the Complaint was due. Doc. No. 20.

Under Federal Rule of Civil Procedure 6(b), where the specified period of the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect." *Pioneer Investments*, 123 L.Ed. 2d at 87. "[I]t is clear

that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*.

The Court finds that, although Invsco's conduct was more neglectful than "excusable neglect" generally entails, under the flexible standard of *Pioneer Investment v. Brunswick*, 507 U.S. 380, 123 L.Ed. 2d 74, 87 (1993), and considering the general policy favoring resolution of cases on their merits, the default should be vacated and Invsco given leave to answer Plaintiff's Complaint. Moreover, Invsco has always expressly indicated its intent to defend the lawsuit. Accordingly, Invsco's Motion to Vacate Default is **GRANTED**, **conditioned on payment of $1,000.00 for costs incurred in Plaintiff's efforts in seeking default and default judgment.**

**DONE** and **ORDERED** in Orlando, Florida on February 18, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record